Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order affirmed, with costs.

---

THE BOARD OF SUPERVISORS OF SARATOGA COUNTY, APPELLANT, v. ELLA DEYOE, RESPONDENT, IMPLEADED WITH FREDERICK T. POWELL AND OTHERS.

*What facts necessary to sustain interpleader — Bill quia timet — Bill to prevent a multiplicity of suits.*

The plaintiffs alleged that, by a resoluion of their board, the county treasurer was authorized to borrow $20,800.44; that, pretending to act thereunder, he issued seventy-three notes in the name of the county, amounting to $138.631, that of these notes only $20,800.44 were valid; that each of the defendants held some of the notes; that several had commenced separate actions, and the others intended to do so; that the valid were indistinguishable from the invalid notes; that they were willing to pay the $20,800.44, and prayed that the defendants might be restrained from prosecuting separate actions, and for an interpleader between them and a surrender of the invalid notes.

*Held,* That the action could not be sustained as a bill of interpleader, because the plaintiffs denied that they owed the defendants what they severally claimed, and because the defendants did not claim the same debts, but distinct and several debts.

That it could not be sustained as a bill *quia timet,* because the causes of action, being on notes, would be barred in six years, and plaintiffs could produce, on any trial, any evidence on which they now relied.

That it could not be sustained as a bill to prevent a multiplicity of suits, because the defendants did not all stand in the same position toward the plaintiff, and the success or defeat of one would not be the success or defeat of all.

The case of *N. Y. and N. H. R. R. Co,* v. *Schuyler* (17 N. Y., 592), and *S. C.* (34 id., 30), distinguished.

APPEAL from an order sustaining a demurrer to the complaint.

The complaint in this action alleged, among other things, that the county of Saratoga was a municipal corporation, and one of the political divisions of the State of New York.

"This plaintiff further states that * * * (certain of) the defendants * * * have severally commenced actions in this court against the above named-plaintiff, as defendant, alleging in substance that the county of Saratoga is indebted unto the plaintiff in each of said actions, in various amounts from $100 to $6.000. This plaintiff further states, upon information and belief, that on the 10th day of November, 1874, the said county was indebted in the sum of $12,800.44, * * * which would become due February 15, 1875, and that thereupon the said board of supervisors passed a resolution as follows:

" *Resolved*, That the county treasurer be directed to procure an extension of the time of payment of such portion of the town bounty debt, accrued prior to February 15, 1875, as the several towns owing the same may desire to have extended, and the expense and interest upon the same to be chargeable upon the several towns respectively desiring such extension."

That on the 20th day of November, 1874, the said board of supervisors adopted a resolution as follows:

" *Resolved*, That the county treasurer be hereby authorized to borrow, on the credit of the county, $8,000 for one year, at a rate not exceeding seven per cent interest."

" Which two resolutions were the only actual or apparent authority given to the county treasurer to borrow money upon the credit of said county, and the said sum of $8,000, and said sum of $12,800.44, making $20,800.44, were the only debts against said county which were maturing in the year 1875. This plaintiff further states, that one Henry A. Mann was treasurer of the county of Saratoga from January 1, 1861, to December 31, 1875, inclusive. This plaintiff further states, upon information and belief, that on or about February 15, 1875, the said Henry A. Mann, pretending to act under the authority of said resolution, signed, issued, and put in circulation notes to an amount exceeding fifty thousand ($50,000) dollars, all in substantially the form following:

" No. 1.     SARATOGA COUNTY TREASURER'S OFFICE, ⎫
              " BALLSTON SPA, *February* 15, 1875. ⎭

" In pursuance of a resolution passed November, 1874, by the board of supervisors of Saratoga county, the county of Saratoga promises to pay, at the Saratoga county treasurer's office, on the 15th day of February, 1876, to John J. Sherwood, or bearer, three thousand dollars, at 7 per cent interest, for value received. " $3,000.                     " HENRY A. MANN, *Treasurer.*"

" That between January 1 and August 6, 1875, the said Mann so issued and put in circulation seventy-three notes of that tenor and form, amounting in the aggregate to the sum of $138,631, or thereabouts, and each of said defendants claims to be the owner of some one of said notes. That each ' of said suits has been brought upon one or more of said notes. This plaintiff further states, upon information and belief, that the said sum of $12,800.44 was paid by said treasurer out of the funds raised upon said notes, or some of them, but this plaintiff is ignorant which of said proceeds were used for that purpose. This plaintiff further states, upon information and belief, that of the above notes, only $20,800.44 are valid and legal debts against said county, and to that extent said county admits they are so valid and ought in equity to be paid to the rightful owners. That it is no fault of the county that they were not paid February 15, 1876, when they became due. This plaintiff, upon information and belief, further states that said county always has been, and is now willing and ready to pay the amount of said debt to the rightful owners, as soon as the same can be ascertained and determined, but the plaintiff is uncertain who are the righful owners of said debt, or how much of the same is due to either of the defendants, and with due diligence has not been able to ascertain the same. This plaintiff further states, upon information and belief, that prior to February 15, 1876, the said county caused to be levied and collected, and paid into the treasury of said county, the sum of $8,800 and interest, for the purpose of paying it toward said debt, and made provisions for raising money to pay the balance of said debt as soon as it could be ascertained who were the rightful owners of said debt. This plaintiff further states, upon infor-

mation and belief, that, by reason of the negligence of said defendants, it will require a long and expensive examination to determine which of said claims are valid, and which of said defendants are entitled to said debt, and the proportion belonging to each; and if the cases already commenced are allowed to proceed, the trial of each will necessarily require nearly as much time and expense as it will to try and determine the whole of said cases in one action, and this plaintiff is advised and believes that it has no other way to protect the county against the said expensive and vexatious litigations, except by bringing this action. This plaintiff further states, upon information and belief, that the defendants above named, who have not already commenced actions against this plaintiff, intend to do so to recover a part of the said debt owing by said county, and they severally claim that said notes held by them are valid debts against said county; that such actions, with those already commenced, will subject the plaintiff and the parties to those actions, respectively, to great and unnecessary expense, trouble and litigation; that this plaintiff is advised and believes that the rights of all the said holders of said pretended claims against said county may be determined and adjusted in one action without prejudice to the rights of any one of them, and so as greatly to promote the convenience and advance the interests of all persons interested in said claims, whether as holders of said genuine claims, or of the illegal claims aforesaid. This plaintiff further states, upon information and belief, that it is ignorant as to who are the true owners of said several claims against the county, and cannot, with safety, determine the same. This plaintiff further states, upon information and belief, that the said invalid notes upon their face are not distinguishable from those which are valid; that by the lapse of time it will become more difficult to determine which are valid, and the said county is liable to suffer great loss unless it shall be promptly determined which of said claims are valid, and this action is commenced for the purpose of impleading all of said holders of said notes or claims to said debt, in order that the rights and claims of said several holders and claimants may be settled in one suit, and that the delay, expense and litigation attendant on different suits may be avoided. This plaintiff further

states that this action is commenced without any collusion between the plaintiff and the defendants, or any or either of them. Wherefore, this plaintiff demands, by way of relief,

First. That the defendants, and each of them, may be enjoined and restrained from further prosecuting the actions above mentioned, and from commencing any other actions upon or for any claims against said county for the causes above mentioned.

Second. That it be determined which of said notes or claims are valid debts against said county, and which are spurious and invalid, and that the defendants may interplead so that the court may adjudge to whom the said valid claims belong, and that the said county may be protected and indemnified against all other claimants.

Third. That all of the invalid notes be surrendered and canceled by order of this court, and that the plaintiff may have such further or other relief as may be just and equitable."

The defendant, Ella Deyoe, demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

*Edward Fitch Bullard*, for the appellant. This action can be maintained upon well-settled principles laid down in equity cases. (1 Story's Equity Jurisprudence, §§ 7, 8, 10, 25, 32; *The N. Y. and N. H. R. R. Co.* v. *Schuyler and others*, 17 N. Y., 592; *De Costa* v. *Scandret*, 2 Piere Williams, 170; *Bromley* v. *Holland*, Coop., 9; *Peake* v. *Highfield*, 1 Russ., 559; *Hamilton* v. *Cummings*, 1 Johns. C. R., 517; *McHenry* v. *Hazard*, 45 N. Y., 580; *Sickles* v. *Richardson, etc.*, 6 Weekly Dig., 273; *Guest* v. *The City of Brooklyn*, 69 N. Y., 506.)

*Neary & Martin*, for the respondent Deyoe.

LEARNED, P. J.:

To state the facts briefly, the complaint alleges certain resolutions of the supervisors, authorizing the treasurer of the county to borrow on the credit of the county, $20,800.44. It alleges that the treasurer, pretending to act under such resolutions, issued seventy-three notes in the name of the county to an amount of about $140,000. It alleges (without stating any other facts as a

basis of the allegation) that of these notes only $20,800.44 are valid. It alleges that each of these fifty-four defendants holds some one of the said seventy-three notes; and that thirty-one of the defendants have commenced separate actions against the plaintiffs on their respective notes, and the other defendants intend to do the same.

The plaintiffs further allege that they are willing to pay the $20,800.44, but they are unable to ascertain who are the rightful owners of said debt; that it will require great expense and a long examination to ascertain which of the defendants are entitled to be paid; that the invalid notes are not distinguishable from the valid, and that the action is brought without collusion. They ask an injunction against the prosecution of the actions, an interpleader by the defendants, and a surrender of the invalid notes. One defendant demurred. The demurrer was sustained, and the plaintiffs appeal.

The plaintiffs insist that this action should be sustained on several grounds.

First. As a bill of interpleader. The answer to that is, that interpleader is allowed only when the plaintiff makes no claim to the fund in dispute, and is ready to pay it, but does not know to whom he should pay; and where the several defendants claim the same debt. In this case, the plaintiffs deny their liability to the defendants, and insist that they do not owe what the defendants severally claim. Furthermore, the defendants do not claim the same debt, but distinct and several debts. Each sues or claims upon the note which he holds. That note may, or may not, be valid. But the debt which it represents is not the debt represented by any other note. There is no common fund to which each defendant lays claim.

Second. As a bill *quia timet.* But the alleged causes of action are on notes, which will be barred by the statute of limitations in a short time. Actions are already commenced. There can be no difficulty in producing on any trial of these notes the evidence on which the plaintiffs in the present action rely to defeat a recovery. There is no need of that stringent equity remedy of compelling a surrender of the notes or of enjoining their prosecution. The plaintiffs can make their defense without difficulty

whenever they shall be sued, whenever the pending actions shall be brought to trial.

Third. As a bill to prevent multiplicity of suits. Such an action lies when several defendants stand in the same relation to the plaintiffs, asserting severally, each for himself, the same right; where, for instance, the recovery of one establishes, or should establish, the right of all, and the defeat of one should be the defeat of all. But the very contrary is true here, according to the plaintiffs' theory. They claim that the defendants do not stand in the same position severally toward the plaintiffs. On the contrary, they say that, if some of the defendants ought to recover, the others ought not. (*Town of Venice* v. *Woodruff*, 62 N. Y., 462.)

Fourth. The plaintiffs urge the so-called omnibus suit, growing out of the Schuyler frauds. (*New York and New Haven R. R. Co.* v. *Schuyler*, 17 N. Y., 592, and 34 id., 30.) That was a case quite unlike the present. A large amount of spurious certificates of stock had been issued. These certificates were, to all appearance, genuine. They could be transferred in the market. Their existence depreciated the value of the genuine stock, and they might be presented to the company and a transfer demanded at any distant day.

The present case, in the view of the plaintiffs themselves, is one where an agent has exceeded his authority, and has issued illegally notes in the name of his principal. As to some of these notes, the principal denies any liability. It would undoubtedly be a convenience to a person who acknowledged that he owed some claims, and who disputed other claims against him, to bring a joint action against every one who claimed to have a demand, and to ask that all his creditors should litigate their several claims in that one action. But such a suit would hardly be equitable in its effect.

The order appealed from should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.

Order appealed from affirmed, with costs.